# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# BROWARD DIVISION

JACQUELEANE GONZALEZ,

    Plaintiff,

v.                                    CASE NO.:

FLYHOPCO LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELEANE GONZALEZ ("Ms. Gonzalez" or "Plaintiff") files this Complaint against Defendant, FLYHOPCO LLC ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Broward County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Broward County, Florida.

6. Defendant is a Florida Profit Corporation that provides marine services in, among others, Broward County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her child's serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

9. Ms. Gonzalez worked as a Senior Financial Analyst for Defendant from October 31, 2018, until her termination on March 26, 2020.

10. Ms. Gonzalez' child suffers from a serious health condition as defined by the FMLA that impacts her ability to breathe.

11. In mid-March 2020, Ms. Gonzalez' child suffered from health complications relating to her condition that resulted in the need for ongoing treatment and medication from her medical doctor.

12. Ms. Gonzalez notified Defendant's management of same, and of her need to take time off to care for her daughter's serious health condition through late March 2020.

13. Defendant not only failed to apprise Plaintiff of her FMLA rights, but likewise failed to offer Plaintiff FMLA leave to care for her daughter's serious health condition.

14. Instead, despite being notified of Plaintiff's need to be absent from work to care for her daughter's serious health condition, Defendant terminated Plaintiff's employment, claiming that Plaintiff abandoned her position with Defendant.

15. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

16. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of what should have been approved FMLA protected leave.

17. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

18. Defendant did not have a legitimate reason for Plaintiff's termination.

19. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

20. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

25. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, Defendant intentionally retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave and for her request for FMLA leave

31. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 31st day of March 2020.

Respectfully Submitted,

By:/s *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*